Bunker *v.* McKenney.

---

SAMUEL BUNKER *vs.* BENJAMIN C. McKENNEY.

*Right to possession of property under conditional sale.*

Where part of the purchase money of property is paid at the time a contract is made for its conditional sale, and a note is given for the balance, containing a provision that the chattel is to remain the property of the payee until the note is paid, and subsequently an extension of time is given for the payment of the note (for a valuable consideration), this alone will not affect the vendor's right to take and retain possession of the property till paid therefor.

ON EXCEPTIONS.

REPLEVIN of a mare and two colts foaled by her. The writ was dated October 12, 1872, and the animals were taken upon it October 14, 1872, while the defendant was in New York, and service was made upon him November 19, 1872, after his return home. The defendant pleaded the general issue, and a right to the possession of the property replevied at the time they were taken. To establish his title the plaintiff introduced a note dated September 21, 1867, of this purport:

"For value received, I promise to pay S. Bunker, or order, one hundred and ten dollars and interest, for one brown or black mare, which is to be said Bunker's till this note is paid.

BENJ. C. McKENNEY."

This note was given for the mare replevied, for which the plaintiff was to have $150, all of which except the balance due upon the note had been paid. The mare had been in the possession of the defendant from the time the note was given until replevied, and the colts were born after the date of the note, one being two years old, and the other a suckling.

The defendant claimed that he told the plaintiff on the twenty-second day of April, 1872, that his means were exhausted and he should have to go to New York to work and wanted the plaintiff to wait on him till he returned, and that Mr. Bunker promised to do so.

Upon the back of the note was written this guaranty:

"July 18, 1872. For a valuable consideration received, I hereby guaranty the payment of the within note and interest.

WISE McKENNEY."

This guaranty was signed by the defendant's son, who testified that he did so upon the consideration that the plaintiff agreed to wait for payment of the note till their return from New York in the fall; and that he bought the larger colt of his father for $100, paying half in cash and half by note.

The plaintiff denied that he promised to wait for payment of the note, or that there was any consideration for the guaranty.

There was no other evidence of any agreement who should have possession of the property.

The jury were instructed that the plaintiff was entitled to the possession of the property, and to maintain this action, unless the defendant had satisfied them that the plaintiff agreed to extend the time of payment until the return of the defendant and his son from New York in the fall of 1872; but that if he did so agree, then the action could not be maintained till that time had expired, and their verdict must be for the defendant.

The jury gave a verdict for the defendant, and found that he was entitled to the possession of the property at the time of the commencement of the action and of the service of the writ. To the foregoing instructions the plaintiff excepted.

*S. D. Lindsey* and *J. J. Parlin,* for the plaintiff.

*A. H. Ware,* for the defendant.

BARROWS, J.   The case shows that the mare was to remain the property of the plaintiff until the note given for her purchase money was paid.

The legal result is that her progeny would also belong to the plaintiff, in the absence of any special agreement to the contrary. *Allen* v. *Delano,* 55 Maine, 113.   The right of possession followed the property and was in the plaintiff unless he had deprived himself of it by a valid and binding agreement.   That right he could enforce by the proper legal steps before the expiration of the term of credit.   *Tibbetts* v. *Towle,* 12 Maine, 341; *Pickard* v. *Low,* 15 Maine, 48.   It follows that any instruction which made the plaintiff's right to maintain the action depend upon a mere extension of the time of payment to a day subsequent to the suing out of the writ must be erroneous.   The jury were instructed that "if the plaintiff did so agree to extend the time of payment, then the action could not be maintained till that time had expired, and their verdict must be for the defendant."

The true question for the jury, on this part of the case, was whether, under the verbal arrangements made by the parties, the defendant was to have the right of possession until his return from New York—whether the plaintiff had made a valid agreement to forego such right.

The exceptions do not profess to present all the testimony in the case.   It may be that the defendant will be ultimately found entitled to prevail upon one or the other of the grounds suggested by him in argument; but, not having the whole case before us, we can only determine that the present verdict in his favor was obtained under erroneous instructions upon what was apparently a vital point.                    *Exceptions sustained.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.